# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
BODHISATTVA SEN and DEBADYUTI ROY,

                              Plaintiffs,

               -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                            Defendant.
-----------------------------------------------------------------X

Index No.

Date Filed:

**SUMMONS**

Plaintiffs designates WESTCHESTER County. The basis of the venue designated is the location of the insured Property.

Plaintiffs' address:
15 Pheasant Run
Scarsdale, NY 10583

**TO THE ABOVE-NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorney an answer to the Verified Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated:    Melville, New York
            March 10, 2025

                                                 Yours, etc.

                                                 **AGULNICK KREMIN P.C.,**

                                                 By: _____
                                                      Scott E. Agulnick, Esq.
                                                   *Attorney for Plaintiffs*
                                                 **BODHISATTVA SEN and**
                                                 **DEBADYUTI ROY**
                                                 510 Broadhollow Road, Suite 303

Melville, New York 11747
Tel: (718) 352-4800
Fax: (718) 732-2110

Defendant's Address:

STATE FARM FIRE AND CASUALTY COMPANY
One State Farm Plaza
Bloomington, IL 61710

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X  Index No.
BODHISATTVA SEN and DEBADYUTI ROY,

                              Plaintiffs,         **VERIFIED COMPLAINT**

-against-

STATE FARM FIRE AND CASAULTY COMPANY,

                              Defendant.
-------------------------------------------------------------------X

Plaintiffs BODHISATTVA SEN and DEBADYUTI ROY, by their attorneys, **AGULNICK KREMIN P.C.**, for their Verified Complaint against the Defendant STATE FARM FIRE AND CASUALTY COMPANY, alleges as follows:

### THE PARTIES

1. Plaintiffs BODHISATTVA SEN and DEBADYUTI ROY (hereinafter collectively referred to as "Plaintiff" or "Plaintiffs") are individuals residing at 15 Pheasant Run, Scarsdale, NY 10583.

2. That Defendant STATE FARM FIRE AND CASUALTY COMPANY (hereinafter referred to as "STATE FARM" or "Insurance Company") is a corporation duly organized and existing under the Laws of the State of Illinois, with its principal offices located at One State Farm Plaza, Bloomington, IL 61710.

3. Defendant STATE FARM, its subsidiary, and/or agent is an insurance company licensed, admitted, engaging in, and authorized to engage in the business of liability and casualty

insurance, including homeowner's insurance coverage in the State of New York, with offices for the transaction of business located within the State of New York.

4. Plaintiffs bring this action against Defendant STATE FARM with regard to Defendant's failure to fully indemnify Plaintiffs for their insurance claim following an accidental discharge and water damage loss at 15 Pheasant Run, Scarsdale, New York 10583 (hereinafter referred to as the "Property"), which occurred suddenly and accidentally and discovered on or about January 1, 2025, the facts and circumstances being more fully set forth below.

5. The transaction of events and the real property/personal property that is the subject of this lawsuit was located within the County of Westchester, State of New York.

## REVEVANT FACTS

6. That Defendant STATE FARM, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiffs an insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the policy number 56-EL-P607-6 (hereinafter referred to as the "Policy"), whereby it insured the Property and contents therein against all risks of loss to the property up to the limits contained therein, including, *inter alia*, water damage from an accidental discharge from the plumbing system. The policy was signed by the authorized agents of the Defendant, its subsidiary, and/or agent.

7. Pursuant to the policy, Defendant STATE FARM, its subsidiary, and/or agent agreed to insure the Plaintiffs, against loss of property caused by, *inter alia,* an accidental discharge from a plumbing system and agreed to indemnify Plaintiffs against loss or damage sustained to the Property and/o certain contents therein.

8. On or about January 1, 2025, and while the insurance Policy was in full force and effect, an accidental discharge from the plumbing system was discovered, resulting water damage occurred at the Property, which caused physical damage to the dwelling and/or contents (the "Loss").

9. By reason of the above-mentioned occurrence, Plaintiffs have sustained a direct physical loss covered under the terms of the Policy.

10. Defendant STATE FARM, its subsidiary, and/or agent was notified of the subject loss as soon thereafter as was practicable and a claim bearing Claim No. 32-78V6-05K was opened (the "Claim").

11. Plaintiffs have submitted to Defendant STATE FARM's request for a complete investigation of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant.

12. Plaintiffs have satisfied all conditions precedent to the instant suit.

13. At all times mentioned, Plaintiffs have not obtained any other insurance upon the described property.

14. By reason of Defendant STATE FARM's contractual undertaking to Plaintiffs, pursuant to the Policy, to properly evaluate and pay claims thereunder to the extent of Plaintiffs' loss up to the limits prescribed by the Policy, Insurance Company owed and continues to owe Plaintiffs the duties of good faith and fair dealing in connection with the parties' contractual relationship.

15. In accordance with the aforesaid duties of good faith and fair dealing, Defendant STATE FARM was and is prohibited from undertaking any act which would have the effect of

injuring or destroying Plaintiffs' rights deriving from his contractual relationship with STATE FARM under the Policy.

16. That despite their duties of good faith and fair dealing, Defendant STATE FARM denied the substantive Claim, and otherwise disregarded the Plaintiffs' actual rights under the Policy.

### THE DENIAL AND BAD FAITH

17. That on or about February 11, 2025, Defendant repudiated coverage for the Claim and breached the Policy by way of letter (the "Denial Letter"). A copy of said Denial Letter is annexed hereto and incorporated by reference herein as "**EXHIBIT A**."

18. That the Denial Letter was in bad faith, citing frivolous, self-serving and specious grounds, all of which were devoid of logic and good faith, and without consideration for the actual cause of the Loss.

19. That the Denial Letter misrepresented material facts by asserting that Plaintiffs did not maintain heat at the insured Property and by asserting that the Loss was caused by a freeze in the first instance.

20. More specifically, it has been both confirmed and communicated to STATE FARM that the cause of the Loss and the water discharge was not freeze, but rather a fortuitous break of an internal plastic component inside the bathroom shower body.

21. That STATE FARM has no basis to assert that the Loss was caused by a freeze and such an assertion is not supported by any physical evidence whatsoever.

22. Notwithstanding the foregoing, Plaintiffs used reasonable care to maintain heat at all times, had no limitation of heating fuel or power, and otherwise maintained their home in a manner consistent with an owner of a high-end residence and always in excess of 55 degrees.

23. That Plaintiffs and their representatives provided video and photographic evidence of the mechanism of the loss, removing any contention that the Loss was caused by a freeze.

24. For example, Plaintiffs provided photographic evidence of the break, which clearly compels the conclusion that the break and discharge was not caused by freeze and was a covered sudden and accidental discharge from the plumbing system. *See* "**EXHIBIT B**."

25. That Defendant's Denial, conduct, and refusal to indemnify Plaintiffs amounts to a complete disregard for the Plaintiffs' rights under the Policy, and the Denial was reckless and capricious and without sufficient factual basis.

26. By, *inter alia,* failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy and the aforesaid conduct, despite legal precedent, statutory authority, and/or contractual obligations, and as a result of the aforesaid, STATE FARM acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiffs.

27. Furthermore, STATE FARM, and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216.

28. The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives; and conduct by insurers, their agents and representatives. Deviating from the following is deemed unfair claim settlement practice thereunder:

> (a) Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies.
>
> (b) Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies.
>
> (c) Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

(d) Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

29. Notwithstanding the foregoing, STATE FARM sought only grounds for denial, based upon nothing other than a bad faith misinterpretation of the policy language and facts, and or the fact that a reasonable and typical policyholder would believe there is coverage based upon the language therein and the circumstances of the loss.

30. STATE FARM rendered a conclusion without factual basis supporting same, and with a complete disregard for the fact that the applicability of an exclusion is a burden borne by STATE FARM in the first instance and Plaintiff should not be unfairly put in a position to prove that the Loss was not a freeze.

31. The aforesaid actions and STATE FARM's *modus operandi* of seeking, from the outset of a claim being filed, any conceivable, although specious, basis for denial of property and casualty claims or parts thereof, have not only caused injury to Plaintiffs, but have the potential to harm the public at large.

32. STATE FARM's actions toward Plaintiffs are part of a pattern and practice by Defendant STATE FARM to sell insurance policies to property owners, and then subsequently take the position that, under its latest interpretation or based upon its purported investigation, there is or may be no coverage, effectively denying, reducing, or hindering the processing of legitimate claims.

33. STATE FARM regularly denies otherwise legitimate claims, setting forth frivolous grounds for the denial, that are contrary to fact, common sense, and causation, as was the case here.

34. STATE FARM's outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest refusal to carry out their contractual obligations.

35. The Defendant STATE FARM has failed to and/or refused to fully indemnify the Plaintiffs for their total loss in an amount, with the outstanding amounts to be determined at the time of trial but believed to be in excess of two hundred fifty thousand dollars ($250,000.00), although a demand has been made.

## AND AS FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

36. Plaintiffs repeats and re-allege all allegations previously set forth in the instant complaint as if more completely and fully set forth herein.

37. By failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy and based upon their conduct as set forth above, STATE FARM breached its obligation under the Policy with regard to the loss at the Property as well as their duty of good faith and fair dealing.

38. As a result of STATE FARM's breach, Plaintiffs have been damaged in an amount to be determined at the time of trial but believed to be in excess of three hundred fifty thousand dollars ($350,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the loss.

39. As a further result of Insurance Company's breach and bad faith, Plaintiffs have suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York line of cases, but believed to be in excess of one hundred thousand dollars ($100,000.00).

40. That consequential damages were at all times foreseeable; in that it is foreseeable that an insured will suffer additional losses when the defendant denies or improperly minimizes a claim in bad faith.

41. That it was both expected and foreseeable that Plaintiffs would sustain consequential damages including, but not limited to, the loss of use and enjoyment of the property, inability to make repairs due to the lack of insurance funds, the need to procure alternative funds, lost opportunity costs, stigmatized property, and potential loss of the Property, in addition to the loss of benefits expected under the Policy.

### AND AS FOR A SECOND CAUSE OF ACTION
### DECLARATORY RELIEF

42. Plaintiffs repeats and re-allege all allegations in the instant Verified Complaint as if more completely and fully set forth herein.

43. The rights, status and other legal relations to Plaintiffs and STATE FARM are uncertain and the entry of declaratory judgment by this Court will resolve the uncertainty and controversy that have given rise to this proceeding.

44. That Plaintiffs' legally protectable interest under the Policy is present and such interest is directly at issue, by virtue of Defendant's failure to pay the Claim.

45. A very real and justiciable controversy exists to which Plaintiffs have no adequate or alternative remedy, including certain benefits under the Policy to which Plaintiffs are entitled.

46. That Plaintiffs seeks and are entitled to a declaratory judgment against STATE FARM setting forth that Defendant STATE FARM is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above- referenced Policy as it pertains to the subject Loss, and must make

payment for the subject Loss to the full extent of the policy limits, comply with appraisal if demanded to resolve dispute over the amount and scope for the Loss, must make payments under the Additional Living Expenses coverage, and make payment of recoverable depreciation upon completion of repair or replacement of any damaged property.

### THIRD CAUSE OF ACTION
### VIOLATION OF GENERAL BUSINESS LAW § 349

47. Plaintiffs repeat and reallege each and every allegation set forth in this Verified Complaint as if fully set forth herein.

48. STATE FARM and its agents, servants and/or employees, are prohibited from engaging in deceptive acts and practices pursuant to General Business Law § 349 of the State of New York.

49. Moreover, General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York and making such acts and practices unlawful.

50. STATE FARM, through its agents, servants and/or employees, has engaged in deceptive acts and practices in violation of General Business Law § 349, in that STATE FARM uses ambiguous terminology intentionally as a moving target for its insureds, notwithstanding every opportunity to define the material terms "reasonable care" in connection with the exception to the freeze peril exclusion.

51. Although the cause of the Loss is disputed and Plaintiff asserts it was not a freeze, based upon STATE FARM's position the definition of "reasonable care" would be material to that coverage determination in the instant claim and susceptible to multiple reasonable interpretations.

52. Arguendo the Loss was caused by freeze, under the circumstances here, and the circumstances of many other claims under the same policies using the same language, results in an ambiguity.

53. STATE FARM intentionally applied a definition of those terms inconsistent with the understanding of those terms by a reasonable insured, to give the illusion of a legitimate investigation.

54. STATE FARM's use of ambiguous terms such as "reasonable care to maintain heat" without defining them is a calculated decision, a deceptive practice, and designed to frustrate the insureds and to give the illusion of grounds to deny claims.

55. STATE FARM could have easily defined the term "reasonable care" as used in connection with the exception to the freeze peril exclusion, which would afford an insured the opportunity to rely upon insurance for which it paid premiums without fear or danger of an unscrupulous insurance carrier applying an outlandish definition of otherwise undefined and ambiguous material terms following a loss.

56. While STATE FARM's conduct in connection with this Loss is improper, such conduct is not unique to the Plaintiffs' Loss, but is a pattern and practice of STATE FARM calculated to avoid substantive payments to insureds and deter such insureds from further pursuing their proper claims.

57. STATE FARM intentionally and routinely uses ambiguous terminology rather than opting to use specific terminology which would properly advise an insured of what was required under a policy as a condition precedent to coverage and preclude frivolous denials such as the instant denial.

58. STATE FARM intentionally uses ambiguous terminology related to the exception to the freeze exclusion rather than opting to use specific terminology as a strategic measure meant to frustrate insureds and provide STATE FARM with an opportunity to deny otherwise covered claims by creating the illusion of legitimacy.

59. STATE FARM, through its agents, servants and/or employees, has engaged in deceptive acts and practices in violation of General Business Law § 349 of New York, as is evidenced by the foregoing conduct and deceptive claims handling.

60. The aforementioned actions, policies, patterns of conduct, and failures by STATE FARM have not only caused injury to Plaintiffs, but have the potential to harm the public at large, and most insureds of STATE FARM, as most, if not all, similar insurance policies issued by STATE FARM contain substantively similar language as at issue here.

61. As a result of the aforesaid violations of General Business Law § 349 of the State of New York, Plaintiffs have been damaged in an amount to be determined at trial but believed to be in excess of three hundred fifty thousand dollars ($350,000.00) plus appropriate interest.

62. As a further result of Insurance Company's violations of General Business Law § 349 of the State of New York, Plaintiffs are entitled to attorneys' fees.

**WHEREFORE**, Plaintiffs **BODHISATTVA SEN and DEBADYUTI ROY**, demands judgment against Defendant STATE FARM FIRE AND CASUALTY COMPANY, as follows:

a. Under the FIRST Cause of Action, as against Defendant STATE FARM, damages in an amount to be determined at trial but believed to be in excess of three hundred fifty thousand dollars ($350,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the

loss; plus consequential damages in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00);

b. Under the SECOND Cause of Action, a Declaratory Judgment setting forth that Defendant STATE FARM is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced Policy as it pertains to the subject Loss, and must make payment for the subject Loss to the full extent of the policy limits, comply with appraisal if demanded to resolve dispute over the amount and scope for the Loss, must make payments under the Additional Living Expenses coverage, and make payment of recoverable depreciation upon completion of repair or replacement of any damaged property.

c. Under the THIRD Cause of Action (GBL § 349): awarding Plaintiffs their actual damages, attorneys' fees, and all other relief permitted under General Business Law § 349, in an amount to be determined at trial but believed to be in excess of three hundred fifty thousand dollars ($350,000.00), plus interest, costs, and disbursements;

d. Costs, expenses, and disbursements and reasonable attorneys' fees;

e. Such further relief as This Court deems just and proper.

Dated:  Melville, New York
        March 10, 2025

                                Yours, etc.
                                **AGULNICK KREMIN P.C.,**

                                By: _____
                                     Scott E. Agulnick, Esq.
                                *Attorney for Plaintiffs*
                                **BODHISATTVA SEN and
                                DEBADYUTI ROY**
                                510 Broadhollow Road, Suite 303
                                Melville, New York 11747
                                Tel: (718) 352- 4800
                                Fax: (718) 732- 21

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice law in the State of New York, affirms the following to be true under penalty of perjury:

I have read the foregoing VERIFIED SUMMONS and COMPLAINT and, upon information and belief, believe the contents thereof to be true. The basis of my belief is a review of the file maintained in my office. The reason I make this verification is because my client does not reside within the county in which I maintain my office.

Dated:    Melville, New York
          March 10, 2025

                                            _____
                                            SCOTT E. AGULNICK, ESQ.

Index No:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

BODHISATTVA SEN and
DEBADYUTI ROY,

                            Plaintiffs,

                         -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                            Defendant.

### VERIFIED SUMMONS AND COMPLAINT

**AGULNICK KREMIN P.C.**
*Attorneys for PLAINTIFFS*
*Office and Post Office Address, Telephone*
310 Broadhollow Road, Suite 303
Melville, New York 11747
Tel:   (718) 352- 4800
Fax:   (718) 732- 2110

**"WE DO NOT ACCEPT SERVICE BY FAX OR EMAIL"**

**Certification pursuant to 22 NYCRR 130-1.1(a)**

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in section 130-1.1(c).

    <u>March 10, 2025</u>
        Dated                       SCOTT E. AGULNICK, ESQ.

Service of a copy of the within                         is hereby **admitted**

………………………………………………………………………………
                                 Attorney(s) for